Harris, J.,
delivered the opinion of the Court.
This is an action of assumpsit brought by the Bank upon a bill of exchange ’drawn by Moore, the defendant, on Bradley, Wilson & Co., of New Orleans, for two thousand dollars; the bill was regularly assigned to the plaintiff and protested for non-acceptance.
The defendant plead non-assumpsit; and upon the-trial it was proved that Crisp was the agent of the' Bank, in New Orleans, and as such had said bill in his hands for collection.; that said Crisp was a member- *546 of the firm of Crisp, McGee & Co., a commission house in said city; that he was the active partner in said house, the other partners all residing in Tennessee, and only there occasionally during the business season; that after the bill had been protested for non-acceptance, he wrote a letter in the name of Crisp, McGee & Co., to the defendant, informing him that they had protected his bill, and requesting that he should forward cotton to them, that they might re-imburse themselves. The cotton was promptly furnished, and was directed to be applied to the- payment of the bill; it was sold by the house, and in an account current made sometime afterwards, for Moore, he was charged two and one-half per centum for advancing the money, as though they had paid the bill originally for him out of their own funds. The money received for the cotton was used by Crisp, McGee & Co., in the business of the house — he never charged himself on his books as having received the money as agent of the Bank, nor did his account show that he had so appropriated it; and he still held the bill in his own hands, as agent for the Bank, until his house failed.
These are substantially the facts stated in the record. It is true, the witness, Crisp, in answer, to a question, put by the plaifitiff, says “that the draft in question was not paid by Moore to the Bank, or the agent of the Bank;” but in answer to a question of defendant, he says, “I had the custody and control of the monies of Crisp, McGee & Co., and of the monies I collected for the Bank. I intended the draft in question to be paid by Crisp, McGee & Co., to the *547 Bank, and regarded the holding it up, and still retaining it in my possession as agent, in substance and effect, the same as loaning that amount to the house of Crisp, McGee & Co., and intended the holding up of the draft as a release to Mr. Moore of his liability to the Bank; Crisp, McGee & Co., assuming its payment.
It is not deemed necessary to notice the facts further, as the question on which the cause goes off, arises upon the charge the Court.
The Court charged, that “if the cotton referred to in the account of Crisp, McGee & Co., was consigned for that purpose, he being the acting partner and at the same time agent for the Bank, holding the bill in his hands at the time, the cotton so consigned, was an appropriation, when converted into money, to be applied in the discharge of the bill, and if with such understanding, the proceeds of the cotton, in money, came into the hands of Crisp, the law will presume that he received it as agent for the Bank,, in payment of the bill.”
It is contended by the counsel for .the plaintiff, that this charge Is erroneous, and so we think. If the cotton was consigned to the house of Crisp, McGee & Co., with instructions to apply the proceeds, when converted into money, to the payment of the bill of the plaintiff, in the hands of Crisp, their agent, for collection; when the cotton was so converted into money, the law would not presume that he received the money, as agent of the Bank, but as the agent of the defendant. The cotton was consigned to the arm, was sold by the firm, and the money was *548 received by the firm, and applied to the use of the' firm. Crisp, McGee & Co. were the agents of the' defendant, and when they appropriated the money of Moore, their principal, to their own use, they became-his- debtors to that amount. Crisp' was alone the-agent of the Bank, and was a person, so far as his-agency was concerned, as separate and distinct from, the firm; as if he had no connexion with it.
• For this- error in the charge of the Court, the-judgment will be reversed' and the case remanded, for-' another trial.-